UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICARDO DOLCINE,

                                    Plaintiff,

-against-

CITY OF NEW YORK; Police Officer RICHARD HANSON; Police Officer KERIN DONOHUE; Sergeant TOMEKA RUFFIN; Police Officer CHRISTOPHER DERENZE; and JOHN and JANE DOE 1 through 10,

                                    Defendants.
------------------------------------------------------------------------x

**DECLARATION OF JOHN CORBIN CARTER IN SUPPORT OF DEFENDANTS HANSON, DONOHUE, RUFFIN, AND DERENZE'S MOTION TO PARTIALLY DISMISS THE FIRST AMENDED COMPLAINT**

17-CV-4835 (RWS)

    1.    **JOHN CORBIN CARTER**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

    2.    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for Defendants Richard Hanson, Kerin Donohue, Tomeka Ruffin, and Christopher Derenze (collectively "Represented Defendants") in the above-referenced action.

    3.    To date, Defendant City of New York has not been served with a summons and complaint in this action.

    4.    I submit this declaration in support of Represented Defendants' Motion to Partially Dismiss the First Amended Complaint ("FAC), and to place before the Court a document which Plaintiff has incorporated into the FAC by reference. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (holding that a court resolving a motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4)

documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); <u>Lakonia Mgmts. Ltd. v. Meriwether</u>, 106 F. Supp. 2d 540, 543 (S.D.N.Y 2000) (noting that the Court may properly consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record of which it can take judicial notice).

     5.    Annexed hereto as Exhibit "A" is a copy of the December 9, 2016 Report and Recommendation of Assistant Deputy Trial Commissioner Jeff S. Adler with regard to Plaintiff's conduct referenced in the FAC. This Report and Recommendation was adopted by the New York City Police Department's Police Commissioner and was relied upon by Plaintiff in formulating the FAC.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
             July 27, 2018

                                           /s/
                                   John Corbin Carter