

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SAMANTHA R. MILLAR
*Assistant Corporation Counsel*
Phone: 212-356-3156
Fax: (212) 356-3509
smillar@law.nyc.gov

June 7, 2019

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: <u>Ricardo Dolcine v. Hanson et al.</u>,
       17-CV-4835 (VEC)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.  The parties submit the following joint letter in advance of the status conference and oral argument on defendants' motion to dismiss scheduled for June 25, 2019 at 2 p.m.

  **1. A brief description of the case, including the factual and legal bases for the claims and defenses;**

    *a. Plaintiff's Statement and Legal Basis Claims:*

    On February 20, 2016, Mr. Dolcine, a decorated soldier and NYPD officer on a detective track, was unlawfully seized and detained, on the basis of race and in violation of the Fourth Amendment, by defendants Hanson and Donohue while he was driving his Range Rover, with his two young sons in the backseat, off-duty in Harlem. During that stop, defendant Hanson, a problem NYPD officer accused of abusing another African-American City employee, Lisa Snead, in a case also pending in this district (*Snead v. City of New York*, 16 CV 9528 (AJN)), was abusive to plaintiff and loudly and gratuitously called Mr. Dolcine a "fucking asshole," causing plaintiff and his children to suffer profound emotional distress.

The same defendants pulled Mr. Dolcine over again on March 4, 2016. During the second encounter, defendants Hanson and Donohue were again abusive to Mr. Dolcine, who as before had done nothing to justify such treatment. Despite plaintiff's calm demeanor and compliance, the defendants summoned their supervisor, defendant Sergeant Ruffin, to the scene. Ruffin arrived and spoke with defendants Donohue and Hanson without ever speaking to plaintiff. Defendant Ruffin then ordered plaintiff to the 32nd precinct.

At the precinct, Mr. Dolcine was approached by defendant Christopher Derenze who falsely represented himself as a union delegate representing plaintiff's interest. In good faith, plaintiff explained to defendant Derenze how defendant Hanson became belligerent on both occasions, including by calling him a "fucking asshole" in front of plaintiff's young sons.

Sometime later, while still at the 32nd Precinct, Mr. Dolcine was subjected to an improper GO-15 official interview without the benefit of a proper representative or counsel. Investigators questioned plaintiff with information that they could have only obtained through Mr. Dolcine's conversation with defendant Derenze moments earlier, which plaintiff reasonably understood to be privileged, or at the very least confidential. At the conclusion of the hearing, Mr. Dolcine was placed on a 30-day suspension and ordered to surrender his gun and shield. Plaintiff was then improperly suspended for 15 days, which also violates due process.

At the time plaintiff was placed on suspension, he had already applied to the prestigious Special Victim's Unit. Following the suspension, plaintiff was, *inter alia*, placed on modified duty, prohibited from obtaining overtime, moved out of his precinct and into Viper 8, an assignment for troubled officers – and any possibility of him becoming a detective was lost.

Based on false statements from the defendants that deprived plaintiff of constitutionally-adequate process, plaintiff was unlawfully suspended without pay. At a subsequent hearing before an administrative judge, the defendants repeatedly lied, publicly impugning plaintiff's integrity and conduct and caused a substantiated finding of misconduct to be entered against Mr. Dolcine that effectively ended any possibility of his career advancing within the NYPD.

Based upon the foregoing, Mr. Dolcine brings claims pursuant to 42 U.S.C. § 1983 for deprivation of due process and supervisory liability, and for illegally stopping and seizing him in violation of the Fourth Amendment. Plaintiff also brings a bias-based profiling claim under Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

   b.  *Defendants' Statement:*

On or about February 20, 2016, plaintiff was driving a motor vehicle when he was pulled over by defendant Officers Hanson and Donahue in the Bronx, New York for having excessively tinted windows. Officers Hanson and Donahue approached plaintiff's car, at which time plaintiff lowered the driver's side window.  The officers were unable to see inside the vehicle due to the excessive tints and requested that plaintiff lower the other windows; plaintiff refused to do so.  Officer Hanson insisted that plaintiff lower the windows so the officers could get a clear view inside the vehicle, and eventually plaintiff did so.  Plaintiff identified himself as

a member of service with the New York Police Department ("NYPD").  Plaintiff inquired as to why he was pulled over and proceeded to verbally berate Officers Hanson and Donahue about being police officers in Manhattan and him having more time "on the job" than them.  Plaintiff was ultimately released from the scene, and was not issued a summons or formally arrested.

Approximately two weeks later, on March 4, 2016, Officers Hanson and Donahue once again pulled plaintiff over this time for making an illegal left hand turn in the Bronx, New York.  Plaintiff again became verbally abusive when approached by the officers, and Officer Hanson called a sergeant to come to the scene.  Sergeant Ruffin arrived at the scene, spoke with Officers Donahue and Hanson, and then directed plaintiff and the officers to NYPD's 32nd Precinct for further questioning regarding the incident. While at the NYPD precinct, NYPD conducted a "GO-15" [General Order 15] interview with plaintiff.  As a result of this incident, plaintiff received charges and specifications resulting in suspension and being placed on modified duty and discipline monitoring.

c.  *Principal Defenses:*

Plaintiff does not have a viable claim for unlawful stop under the Fourth Amendment because the stops at issue here were supported by reasonable suspicion.  At the first stop, plaintiff was pulled over for driving with excessive tints, which is a violation of the New York Vehicle and Traffic Law ("NY VTL"), and at the second stop, plaintiff made an illegal left-hand turn, again a violation of the NY VTL.

Moreover, plaintiff cannot make out a claim for bias-based profiling.  The amended complaint contains no facts that support this claim, and instead rests solely upon the conclusory allegation that "defendants only targeted Mr. Dolcine because of his race, rather than his behavior or other information linking him to suspected unlawful activity [and] thus the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York." *See* Court Docket No. 24, at ¶¶ 49-50. Moreover, plaintiff will not be able to prove that the defendant Officers acted with discriminatory intent, as is plaintiff's burden when alleging a claim for bias-based profiling.  *See* N.Y.C. Admin. Code § 14-151(c)(1)(ii).

Further, plaintiff's claims that defendants deprived him of liberty and property interests without due process, presumably in violation of the Fourteenth Amendment, must be dismissed.  Plaintiff's claim that he was deprived of a liberty interest without due process (i.e. his "stigma-plus" claim) should be dismissed because plaintiff does not adequately allege that: (i) defendants disseminated false and stigmatizing information about plaintiff; (ii) that he was subjected to a tangible and material state-imposed burden in addition to the false and stigmatizing statement; and (iii) that the alleged false and stigmatizing statements were made public, concurrently with, or in close proximity to, the tangible and material state-imposed burden.  Second, plaintiff's claim that he was deprived of a property interest without due process is likewise rendered implausible due to the dearth of factual allegations.  Although Plaintiff identifies "future earnings" and "career advancement" as alleged property interests, courts have routinely held that there are no constitutionally guarded property interests in prospective employment or promotional opportunities.

Finally, plaintiff has withdrawn his claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**2. A statement of all existing deadlines, due dates, and/or cut-off dates;**

The parties submit herewith a proposed Civil Case Management Plan and Scheduling Order.

**3. The basis for subject matter jurisdiction;**

The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

**4. A brief description of any outstanding motions and a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;**

On July 27, 2018, defendants filed their partial motion to dismiss. On October 12, 2018, defendants' motion was fully briefed by the parties.  Oral argument on defendants' motion is scheduled for June 25, 2019 at 2 p.m.

Defendants anticipate filing a motion for summary judgment at the close of discovery in this matter, and do not at this time anticipate filing a motion to exclude expert testimony.

**5. A statement of the anticipated length of trial and whether the case is to be tried to a jury; and**

The parties anticipate that the length of trial in this matter will be 3-4 days.  The parties agree that this case is to be tried to a jury.

**6. The prospect for settlement.**

The parties do not believe that settlement is appropriate at this time, but will notify the Court if a settlement has been reached and/ or if they believe that the parties would benefit from the Court's assistance in reaching a settlement.

Defendants, on behalf of all parties, thank the Court for its consideration herein.

Respectfully submitted,

_____
/s

Samantha R. Millar
*Assistant Corporation Counsel*

cc:     **VIA ECF**
        All counsel of record